IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHESAPEAKE LOUISIANA, L.P., *Plaintiff*, | § § § § § § § § § § § |
| V. | CAUSE NO. 2:10-CV-359-JRG |
| BUFFCO PRODUCTION, INC., ET AL., *Defendants*. | |

## ORDER

Before the Court are Defendants Wayne E. Freeman, Freeman Resources, Ltd., and FRM GP, LLC (collectively, the "Freeman Defendants") and Freeman Capital, Ltd.'s ("Freeman Capital") Motion to Alter or Amend Final Judgment, filed July 3, 2012 (Dkt. No. 214). Defendants Buffco Production, Inc., Twin Resources, LLC, and Frank M. Bufkin, III's (collectively, the "Bufkin Defendants") joined in and adopted by reference the arguments and authorities in the same. (Dkt. No. 216, Joinder in Freeman Defendants' and Freeman Capital's Motion to Alter or Amend Final Judgment.) The Freeman Defendants, Freeman Capital, and the Bufkin Defendants (collectively, the "Movants") request, pursuant to Fed. R. Civ. P. 59(e), the Court to alter or amend its awards of prejudgment interest against the Defendants. The Court having considered the motions finds that each should be **DENIED** for the following reasons.

To prevail on a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and cannot raise issues that "could, and should, have been made before the judgment issued." *Advocare Int'l LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (quotations and citations omitted). The Court

awarded prejudgment interest against the Freeman Defendants and Bufkin Defendants after finding that they were unjustly enriched. Oddly, Freeman Capital was the recipient of an award of prejudgment interest but has nonetheless joined in this request to undo that award. Movants argue that prejudgment interest should be barred by, or by analogy to, chapter 91 of the Texas Natural Resources Code, as expounded in *Concord Oil Co. v. Pennzoil Exploration & Producing Co.*, 966 S.W.2d 451 (Tex. 1998). The prejudgment interest provision of that statute, however, addresses a narrow situation that does not apply here. *See* Tex. Nat. Res. Code Ann. § 91.402(a)-(b) (payor of "proceeds derived from the sale of oil or gas production" must withhold those proceeds owing to a dispute over the payee's title).

Movants further argue that no Texas statute and no Texas Supreme Court decision authorizes a prejudgment interest award for an unjust enrichment claim. Movants do not, however, contend that any Texas statute or Texas Supreme Court decision forbids such a prejudgment interest award. The Movants "found no Texas Supreme Court nor any Fifth Circuit case authority directly addressing this question" (Dkt. No. 214), and the Court is not aware of any. Nevertheless, "[i]n the absence of a statutory right to prejudgment interest, Texas law allows for an award of equitable prejudgment interest under *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex. 1985)." *Bituminous Cas. Corp. v. Vacuum Tanks*, 75 F.3d 1048, 1057 (5th Cir. 1996). Indeed, "[u]nder Texas law an equitable award of prejudgment interest should be granted to a prevailing plaintiff in all but exceptional circumstances." *Id.* (citing *American Int'l Trading Corp. v. Petroleos Mexicanos*, 835 F.2d 536, 541 (5th Cir. 1987)). Movants do not offer any substantive argument that the circumstances here are of an exceptional nature that would preclude an equitable award of prejudgment interest.

At the end of the day, the Court finds that Movants have not presented newly discovered evidence nor have they "clearly establish[ed] . . . a manifest error of law."  *See, e.g.*, *Advocare Int'l LP*, 524 F.3d at 691.  Accordingly, the Movants motions to alter the judgment (Dkt. Nos. 214 and 216) should be and are hereby **DENIED**.

**So ORDERED and SIGNED this 25th day of March, 2013.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE