IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CHESAPEAKE LOUISIANA, L.P., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 2:10-CV-359 (JRG) |
| | § | |
| BUFFCO PRODUCTION, INC., ET AL., | § | |
| | § | |
| *Defendants.* | § | |

---

**Harleton's Response
Regarding Indispensability Issues**

---

This Court should retain jurisdiction of Chesapeake's and Freeman Capital's claims. Here is why.

## I. The overall situation strongly favors a decision retaining jurisdiction.

Freeman and Freeman Capital presume that dismissal under Rule 19b is an ordinary occurrence that is easily obtained. Just the opposite: Dismissal under Rule 19b is "not favored" and rare. *See, e.g., Huber v. Taylor,* 519 F.Supp.2d 542, 562 (W. D. Pa. 2007) rev'd on other grounds by 532 F3d 237.

Whether an absentee is indispensable typically is a discretionary matter and turns upon practical, pragmatic considerations. *E.g., Provident Tradesmens Bank & Trust*

*Co. v. Patterson*, 390 U.S. 102 (1968). Despite Freeman's representation, the Fifth Circuit in *Pulitzer*, *Hood*, and *Haas* did not hold that dismissal of the federal action was required; they held that in their particular circumstances dismissal did not abuse the discretion that district courts have in determining indispensability issues. *See Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1313 (5th Cir. 1986); *Hood ex rel. Miss. v. City of Memphis, Tenn.*, 570 F.3d 625, 633 (5th Cir. 2009); *Haas v. Jefferson Nat. Bank of Miami Beach*, 442 F.2d 394, 400 (5th Cir. 1971).[1] Overarching practicalities, which Freeman ignores, decisively show that in *this* case the Court should lean heavily towards retaining Chesapeake's and Freeman Capital's claims.

After all:

- Chesapeake and Freeman Capital both chose this federal forum.

- This Court has conducted a detailed merits analysis and formulated a pragmatic merits decision.

- The Fifth Circuit's analysis on appeal was confined to jurisdictional issues and thus has not impugned anything about this Court's merits viewpoint.

---

[1]As for Freeman's remaining authority, *Doty v. St. Mary Parish Land Co.*, 598 F.2d 885 (5th Cir. 1979), it was controlled by circumstances not present here: in *Doty*, it was impossible to decide the federal action without "likely" impairing the real-property rights of an absent mineral lessee. 598 F.2d at 887. The *Doty* court was careful to distinguish "those cases relied upon by appellant in which the courts were able to minimize prejudice to absent parties by carefully shaping the relief given." *Id.* at 887-888. In our case, this Court can avoid material prejudice quite easily and thus should have discretion to retain Chesapeake's and Freeman Capital's claims.

2

- There is no impediment to promptly and fully implementing the Court's merits analysis as respects Freeman Capital's claims.

- And there is every reason to expect that the state district court, aided by this Court's memorandum opinion, efficiently will embrace the same merits conclusion, thus eliminating Freeman's hypothetical concerns.

  Against this backdrop, this simply isn't one of the rare occasions a Rule 19b dismissal should be granted.

## II. Harleton is not indispensable to decision of Chesapeake's claims.

In Harleton's view, the relevant factors weigh in favor of retaining Chesapeake's claims, to wit:

### A. Interest in Access to a Federal Forum:

Chesapeake filed its claims in federal court. However strong or weak, its interest in litigating in a federal forum is legitimate and weighs in favor of retaining jurisdiction of Chesapeake's claims.

### B. Potential for Prejudice:

This factor evaluates "the extent to which the judgment may 'as a practical matter' impair" someone's ability to protect its interests. *Provident Tradesmens Bank*, 390 U.S. at 110. By affording the state court a reasonable opportunity to decide

Harleton's claims before this Court fashions any monetary relief in Chesapeake's favor, this Court can quite easily avoid any possibility of prejudice to Freeman. *See, e.g., Ray v. Hasley*, 214 F.2d 366, 368 (5th Cir. 1954)(federal court may properly stay its proceedings while awaiting a final termination of related proceedings in a state court); *see also Provident Tradesmens Bank*, 390 U.S. at 115 (any potential prejudice from retaining the federal suit could be alleviated "by the proper phrasing of the decree, that is, by ordering that payment be withheld on the judgments" pending the other litigation). This type of permissible coordination should not be difficult. Harleton's state-court suit should proceed expeditiously: Harleton intends to seek a prompt summary judgment and will ask the state court to fashion its relief along the lines of this Court's merits ruling. The necessary discovery has already occurred. The parties have briefed Harleton's claims in the federal forum (and again on appeal). And, as stated, this Court's straightforward memorandum opinion is available to assist the state court in its merits analysis. Once the state court enters relief in Harleton's favor similar to what this Court fashioned, as we think likely, this Court then may dismiss as moot Chesapeake's coordinate claims respecting the $3.4 million that should have gone to Harleton, with no duplication of effort or recovery.

### C.  Adequacy of a Judgment in Harleton's Absence:

There is no reason why this Court can not adequately dispose of Chesapeake's claims. Chesapeake is content to keep its claims in federal court. This is material. *See Catanzaro v. Int'l Tel. & Tel. Corp.*, 378 F.Supp. 203, 206 (D. C. Del. 1974)(absentee's affidavit demonstrated that he did not feel prejudiced by continuation of litigation in his absence). And as we have stated, this Court easily can fashion its relief to avoid any actual prejudice, regardless how the state court may resolve Harleton's claims.

There is no limitations issue affecting Harleton's contract claim against Chesapeake. And as for Harleton's claims against Freeman and Buffco, Harleton is confident the state district court will conclude that the claims are timely filed. But if there is any risk of limitations barring the state court from granting Harleton direct relief against Freeman and Buffco, that unlikely possibility seems to counsel for retaining Chesapeake's claims here, so that if the state court grants Harleton a contract recovery against Chesapeake, this Court then may complete the circle, granting Chesapeake a recovery on its claims against Freeman and Buffco (so that the overall effect is to transfer $3.4 million each from Freeman and Buffco to Harleton).

### D.  Adequacy of Chesapeake's State-Court Remedy:

If this Court dismisses Chesapeake's claims, the state court will be equipped to decide them. But requiring such a do over, when this Court already has made a

perfectly adequate analysis, seems far from "adequate." Freeman, of course, disagrees. Citing the Fifth Circuit's decision in *Doty*, it terms the availability of a state forum a "compelling" reason to now dismiss. Freeman Br. at 5. Freeman misperceives *Doty*.

*Doty* says the circumstances for dismissal are compelling *in a particular type of case addressing real property disputes, in which the court considers it likely that the state and federal courts would reach opposing conclusions about the validity of the same real-property rights.* 598 F.2d at 888. This is not such a case. The possibility that Harleton's and Freeman Capital's claims would actually be decided differently, considering the available precautions, is so unlikely as to be trivial. Such remoteness may be considered in a practical 19b analysis. See *Provident Tradesmens Bank*, 390 U.S. at 115 (taking account of the fact that the potential for prejudice in the particular case was "trivial"). What is more, such a result in our case would not present a *Doty*-type situation. Rather, in such an event Chesapeake would simply hold assignments as to some, but not all, Geisler working interests.[2]

---

[2] In *Doty*, unlike our case, the federal court considered it likely that the same leasehold would be held invalid in federal court and held valid in eventual state-court proceedings. *Doty*, 598 F.2d at 888. "If successful against the defendant, appellants must then pursue the lessee in an action to cancel the lease. A subsequent action against the lessee could result in the inconsistent determination that the lessor's title was valid, thereby creating conflicting obligations. . . . [W]e find the prospects of multiple litigation and inconsistent obligations to be likely in the present case." *Doty*, 598 F.2d at 888.

### E. Further Practicalities:

None of the cases Freeman cites appears to confront a matter that the federal district court already has decided on the merits. Given Chesapeake's initial choice of a federal forum, the adequacy of a federal-court judgment, and the Court's ability to manage and avoid any potential prejudice, the Court's prior investment of judicial effort solidifies the already sound case for retaining jurisdiction of Chesapeake's claims.

## III.   Harleton is also not indispensable to Freeman Capital's claim against Chesapeake.

### A.  Interest in a Federal Forum:

Freeman Capital, like Chesapeake, chose this federal forum then sought and obtained summary judgment. Freeman and Freeman Capital conveniently ignore this. They shouldn't. Neither Freeman Capital's original choice nor the Court's resulting decisional effort should be disregarded lightly. As for the Rule 19b factors:

### B.  Potential for Prejudice:

A decision to retain Freeman Capital's claim would not prejudice Freeman Capital, which is not a party to the state-court suit. Nor would it prejudice Freeman to have Harleton's claims decided in state court while Freeman Capital's claim is decided here. The claims address different sums of money: a $408,000 overpayment in the

case of Freeman Capital's claim and a different, $3.4 million overpayment in the case of Harleton's state-court claim.

### C.  Adequacy of a Judgment in Harleton's Absence:

Harleton is not implicated under Freeman Capital's claim. It is beyond question that Freeman Capital can be afforded complete relief in this Court.

### D. Adequacy of Freeman Capital's State-Court Remedy: Freeman Capital can obtain substantively complete relief in state court. But the relief cannot be equally efficient or adequate as in this federal court, given that this Court, but not the state court, already has conducted a full merits analysis of Freeman Capital's claim.

### Conclusion

For the reasons stated above, the Court may and should find that Harleton is not indispensable either to the disposition of Chesapeake's or Freeman Capital's claims.

Respectfully submitted,

_____

BRENT HOWARD
State Bar No. 10062600
HOWARD & DAVIS, P.C.
100 E. Ferguson, Suite 1200
Tyler, Texas 75702
Telephone: (903) 533-9997

8

Facsimile: (903) 533-0260
bhoward@hdbtyler.com

GREG SMITH
State Bar No. 18600600
RAMEY & FLOCK, P.C.
100 East Ferguson, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-3301
Facsimile: (903) 597-2413
Email: gsmith@rameyflock.com

## Certificate of Service

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel, who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 24th day of July, 2014.

_____
GREG SMITH