**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **CHESAPEAKE LOUISIANA, L.P.,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 2:10-CV-359 (JRG)** |
| | § | |
| **BUFFCO PRODUCTION, INC., ET AL.,** | § | |
| | § | |
| *Defendants.* | § | |

**CONSOLIDATED REPLY IN SUPPORT OF FREEMAN DEFENDANTS' AND
FREEMAN CAPITAL'S OPENING BRIEF ADDRESSING INDISPENSABILITY
ISSUES**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Local Rule CV-7(f), Defendants Wayne E. Freeman, Freeman Resources, Ltd., and FRM GP, LLC (collectively the "Freeman Defendants") and Freeman Capital, Ltd. ("Freeman Capital") hereby file this Consolidated Reply in Support of Freeman Defendants' and Freeman Capital's Opening Brief Addressing Indispensability Issues (the "Opening Brief") and respectfully show the Court as follows:

## I.     INTRODUCTION

Intervenor Harleton Oil & Gas, Inc.'s ("Harleton") Response[1] begins with the proposition that dismissal under Rule 19(b) is "not favored" and "rare," citing as support only an overturned Western District of Pennsylvania case.  *See* Harleton Response at 1. Plaintiff Chesapeake Louisiana, L.P.'s ("Chesapeake") Response is likewise premised on the notion that dismissal under Rule 19(b) is an extraordinary remedy.  Chesapeake and Harleton both are incorrect.

---

[1] As used herein, the terms "Response" or "Responses" refer to Harleton's Response Regarding Indispensability Issues (Dkt. No. 239) and the Responsive Brief of Plaintiff Chesapeake Louisiana, L.P. Addressing Indispensability Issues (Dkt. No. 240).

As demonstrated in the Opening Brief, since the complete rewrite of Rule 19 in 1966,[2] courts in this circuit have not hesitated to dismiss an action under Rule 19(b)—especially when, as here, there is an alternate state forum to hear the claims. *See, e.g.*, *Hood ex rel. Miss. v. City of Memphis, Tenn.*, 570 F.3d 625, 633 (5th Cir. 2009) (applying Rule 19(b) factors and considerations and upholding dismissal); *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1312-13 (5th Cir. 1986) (same); *Doty v. St. Mary Parish Land Co.*, 598 F.2d 885, 887-88 (5th Cir. 1979) (same); *Harrell & Sumner Contracting Co., Inc. v. Peabody Peterson Co.*, 546 F.2d 1227, 1229 (5th Cir. 1977) (same); *Haas v. Jefferson Nat'l Bank of Miami Beach*, 442 F.2d 394, 398-400 (5th Cir. 1971) (same); *Schutten v. Shell Oil Co.*, 421 F.2d 869, 874-75 (5th Cir. 1970) (same); *Reese v. Skelly Oil Co.*, 53 F.R.D. 548, 562-64 (S.D. Miss. 1971) (same); *Cornell v. GRG Int'l, LTD.*, No. 1:12-cv-383-HSO-RHW, 2014 WL 347700, at *4-5 (S.D. Miss. Jan. 31 2014) (dismissing the case because of the possibility of subsequent litigation and existence of an adequate remedy in state court); *JPMorgan Chase Bank, N.A. v. Sharon Peters Real Estate, Inc.*, No. 5:12–cv–1172–XR, 2013 WL 3754621, at *5-6 (W.D. Tex. July 15, 2013) (dismissing the case because judgment would prejudice existing parties or absent party and there was an adequate remedy in state court); *Helia Tec Res., Inc. v. GE & F Co. Ltd.*, No. H-09-1482, 2011 WL 4383085, at *7 (S.D. Tex. Sept. 20, 2011) (dismissing the case because no relief was possible that would not prejudice absent party).  In fact, despite asserting that dismissal under Rule 19(b) is "rare," ***neither Chesapeake nor Harleton cites a single case from within this circuit where the court refused to dismiss the case*** under the current rule.  Chesapeake's and Harleton's position that dismissal under Rule 19(b) is disfavored is simply not supported by the weight of authorities addressing the issue.

---

[2] *Provident Tradesmen's Bank & Trust Co. v. Patterson*, 390 U.S. 102, 116 n.12 (1968).

As shown below, the substantive arguments made in the Responses are equally deficient. Neither Response has shown that even a single Rule 19(b) factor or consideration weighs against dismissal. Accordingly, for the reasons set forth below and in the Opening Brief, the Freeman Defendants and Freeman Capital respectfully request that this Court find that Harleton is an indispensable party and dismiss the remainder of this action so that all of the factually interrelated claims may be resolved together in the already-pending state court case in Harrison County.[3]

## II.      REPLY ARGUMENTS

### A.      The Court's Prior Summary Judgment Ruling Illustrates Just How Indispensable Harleton Is to the Geisler Claims.

Both Chesapeake and Harleton argue that the Court's prior Memorandum and Opinion Order (Dkt. No. 192) (the "Summary Judgment Order") suggests that Harleton is not indispensable to Chesapeake's and Freeman Capital's remaining claims.  That position misses the mark.

In actuality, the Court's Summary Judgment Order illustrates the critical role Harleton plays in this case, particularly with respect to Chesapeake's and Freeman Capital's remaining claims on the Geisler Gas Unit No. 1 (the "Geisler"). Indeed, by imposing a constructive trust remedy, the Court made Harleton the fulcrum of the Summary Judgment Order. Specifically, the Court denied Chesapeake's claims against the Freeman Defendants, ordered the Freeman Defendants to pay money to Harleton, and ordered Harleton to give an assignment of its interest in the Geisler to Chesapeake. Summary Judgment Order at 9-10. If you remove Harleton from

---

[3] That action is styled and numbered as *Harleton Oil & Gas, Inc. v. Bufkin, et al.*, No 12-0517 in the 71st District Court of Harrison County, Texas (the "Harrison County Lawsuit").

that equation, the prior result cannot stand.  All that would remain would be the denial of Chesapeake's claims against the Freeman Defendants.

Yet, Chesapeake argues that the Summary Judgment Order strengthens its initial, admittedly "weaker" interest in a federal forum,[4] such that it outweighs the countervailing compelling reasons for dismissal (*i.e.*, the assertion of pure state-law claims and the availability of an alternative state court forum). Chesapeake Response at 2, 4-6; *see* Opening Brief at 4-5 (explaining that a plaintiff who asserts state-law claims and has an alternative forum for those claims has a "weak" interest in the federal forum and noting that courts have held that this set of circumstances is a "compelling" reason for dismissal). Chesapeake's argument hinges on Chesapeake's erroneous claim that it "essentially prevailed" at summary judgment, and as such, its interest in a federal forum has grown. Chesapeake Response at 5 (citing *Patterson*, 390 U.S. at 112). This temporal argument, however, has no legal support and ignores the ruling and explicit instructions of the Fifth Circuit when it remanded this case. *See Chesapeake Louisiana, L.P. v. Buffco Prod., Inc., et al.*, No 13-40458, 2014 WL 1797822, at *4 (5th Cir. May 7, 2014).

To begin, the Fifth Circuit remanded the Geisler claims for this Court "to consider **in the first instance** whether Harleton is an indispensable party." *Id* (emphasis added). In other words, the Fifth Circuit has expressly instructed that the determination of Harleton's indispensability be made prior to any determination of the merits. Vacating the prior judgment confirmed this instruction. Thus, the Fifth Circuit's ruling forecloses Chesapeake's sole argument that it now has a stronger interest in the federal forum because there simply is no valid trial court judgment at this time.

---

[4] *See* Chesapeake Response at 5 (admitting that prior to the Summary Judgment Order, its interest in a federal forum was "weaker").

Moreover, the lone case Chesapeake cites for this argument, *Provident Tradesmen's Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968), does not support Chesapeake's position.  If fact, *Patterson* confirms that this case should be dismissed.  *Patterson* involved a suit that had already been decided at the trial court level.  *Patterson*, 390 U.S. at 105. As such, the Supreme Court was forced to conduct its Rule 19(b) analysis "entirely from an appellate perspective ***since the matter of joinder was not considered in the trial court***." *Id.* at 109 (emphasis added). It was from this appellate perspective that the Court noted, "***if the plaintiff has won***, he has a strong additional interest in preserving his judgment." *Id.* at 110 (emphasis added). Prior to a completed trial, however, "the strength of [plaintiff's] interest obviously depends upon whether a satisfactory alternative forum exists." *Id.* at 109.

Under *Patterson*, Chesapeake never attained the stronger interest in the federal forum it now claims.  This case is not on appeal.  There currently is no valid judgment.  And there never was any judgment in Chesapeake's favor against the Freeman Defendants.  Indeed, Chesapeake was ***not*** the winner under the Court's prior Summary Judgment Order.  Rather, its claims against the Freeman Defendants were denied. Chesapeake recovered only from Harleton—a party who must now be dismissed to pursue its claims state court. As such, the strength of Chesapeake's interest in the federal forum depends upon whether a satisfactory alternative forum exists. *See id.* As explained in the Opening Brief, such a forum not only exists in Harrison County, but Chesapeake is already party to the Harrison County Lawsuit that is actively hearing the parties' respective claims related to the Geisler.  Chesapeake's interest in a federal forum is therefore "weak," and dismissal is favored under this factor.

**B.     There Is No Possible Remedy or Protective Provision Capable of Lessening the Current and Future Prejudice Faced by the Freeman Defendants.**

Without duly considering the broad range of prejudice guarded by Rule 19, both Chesapeake and Harleton make broad-sweeping, conclusory arguments that this Court could fashion its relief or include protective provisions to insulate the parties' interests.  Yet, neither Response actually explains how the Court is supposed to go about fashioning such relief or provisions. Nor does either Response suggest how this Court is empowered to ensure that the Harrison County District Court abides by any protective measures it adopts.  With Chesapeake and Harleton having failed actually to suggest any particular protective provisions that could insulate the Freeman Defendants from the prejudice associated with proceeding on two tracks, this factor weighs in favor of dismissal.

Moreover, Chesapeake and Harleton completely failed to address one of the forms of prejudice Rule 19 is intended to guard against.  Indeed, Rule 19 not only protects against the *future* threat of double liability, but it also protects against the mere *possibility* of multiple litigation against defendants. *See Pulitzer*, 748 F.2d at 1312 (listing as one of the interests to be considered "the defendant's interest in avoiding multiple litigation, or inconsistent relief" and directing that the "presence of multiple litigation and its attendant burdens on the parties and the court system should also be considered"); *Reese*, 53 F.R.D. at 562-63 (explaining "one of the purposes of Rule 19 is the avoidance of multiple litigation of essentially the same issues"). If this Court were to continue to assert jurisdiction over Chesapeake's and Freeman Capital's claims, the Freeman Defendants would suffer the inherent prejudice associated with multiple litigation. Neither Chesapeake nor Harleton disputes this.

Of course, the inherent prejudice that merely being subject to multiple litigation presents becomes far more significant when, as here, the Court cannot fashion a remedy to protect against

it. *See Reese*, 53 F.R.D. at 563. In *Reese*, upon recognizing that "the prospect of multiple litigation against the defendants is not only a real possibility but a probability," the court determined that dismissal was required, largely because "[n]o judgment or decree rendered herein could divest [the defendants] of the right to have the identical issues decided by this Court subsequently decided as to them by an appropriate state court." *Id.* Thus, if a court cannot fashion a remedy to prevent even the threat of multiple litigation—much less ongoing multiple litigation, as is the case here—the Court should lean heavily toward dismissing the action. As mentioned above, neither Chesapeake nor Harleton suggests any particular protective provisions that could mitigate this prejudice.[5]

Because no party has suggested a possible remedy or protective provision that could protect the interests of the parties, considerations under this factor weigh in favor of dismissal.

**C.    Dismissing This Case and Allowing All Parties to Proceed in State Court Is Both Efficient and Adequate**.

Lastly, Chesapeake and Harleton argue that dismissing this case would be inadequate and inefficient. Here again, these arguments are both practically and legally unsupported. Moreover, in making these arguments, both Chesapeake and Harleton reveal their real motives: proceeding on separate tracks so that neither has to litigate against the other while both continue seeking to recover the same pot of money from the Freeman Defendants.

In addressing the "adequacy" issue, Harleton argues that "[t]here is no reason why this Court can not [*sic*] adequately dispose of Chesapeake's claims" and that dismissing this case and permitting the state court to hear the claims "seems far from 'adequate.'" Harleton Response at

---

[5] Chesapeake does state, in conclusory fashion, that this Court could adopt unspecified constructive trust remedies to avoid prejudice to Freeman Defendants, *see* Chesapeake Response at 7, but nowhere does Chesapeake actually explain how that constructive trust would work.  Nor does Chesapeake explain how the Court could adopt any constructive trust remedy similar to the one used in the prior Summary Judgment Order.  This failure is significant because that prior constructive trust remedy hinged upon the Court having jurisdiction over Harleton.  Now that Harleton must be dismissed, the Court would lack the power to order a remedy like the one it previously ordered.

5-6. However, Harleton misunderstands what "adequacy" means in this context.  In a Rule 19(b) analysis, "adequacy" refers to the "public stake in settling disputes *by whole*, whenever possible." *Patterson*, 390 U.S. at 111 (emphasis added). And where a judgment would be inadequate (*i.e.,* when it cannot settle all the claims in a particular dispute), dismissal is favored. *See Haas*, 442 F.2d at 399 (affirming dismissal where, among other things, any judgment would be inadequate because "there is no semblance of a guarantee that a judgment on [plaintiff's] terms would settle the whole dispute generated by the facts here"). In this sense, dismissal is the only adequate option—this Court cannot "settle the dispute[] by whole," since it cannot decide Harleton's claims and there is already ongoing litigation about these exact same issues in the Harrison County Lawsuit. *See Patterson*, 390 U.S. at 111. On the other hand, every single party to this case is already a party to the Harrison County Lawsuit, which permits the Harrison County District Court to adequately resolve the whole dispute. Considerations of adequacy, therefore, weigh in favor of dismissal.

Chesapeake contends that dismissing the case would be "inefficient" because "all the parties cannot be joined in an equally satisfactory forum." Chesapeake Response at 6. This statement is flat wrong, as all the parties have already been joined in an equally satisfactory forum in the Harrison County Lawsuit. And, here again, Chesapeake incorrectly relies on *Patterson* for support, emphasizing the Court's statement that "there was no reason then to throw away a *valid* judgment just because it did not theoretically settle the whole controversy." *Id.* at 6-7 (citing *Patterson*, 390 U.S. at 116) (emphasis added). As discussed above in Section II(A), *Patterson* is factually inapplicable—the Court was considering a valid, complete judgment and analyzing the case from a purely appellate perspective. *Patterson*, 390 U.S. at 105, 109. Furthermore, in the very passage that Chesapeake cited, the Court explained, "It might have been

**preferable, at the trial level, if there was a forum available** [for all parties], **to dismiss the action** and force the plaintiffs to go elsewhere." Chesapeake Response at 6 (quoting *Patterson*, 390 U.S. at 116) (emphasis added). Here, the pending Harrison County Lawsuit is such a forum, and dismissal is thus "preferable" and appropriate.

It is also worth noting that from a practical standpoint, dismissal of this action would not be inefficient. As Harleton recognized in its Response: "the necessary discovery has already occurred," the parties have briefed the claims in the federal forum, and "the state court will be equipped to decide them." Harleton Response at 4-5. The Freeman Defendants and Freeman Capital would agree to the use discovery already undertaken in this case in the Harrison County Lawsuit. Doing so would remove time and expense concerns and place the claims in the Harrison County Lawsuit in a virtually identical position as they currently reside in this Court—except that all such claims could be heard together.

Lastly, in arguing that dismissal would be inadequate and inefficient, Harleton and Chesapeake each reveal their end game: maintaining dual tracks to attempt to recover the same pot of money from the Freeman Defendants. In arguing that a judgment in this Court would be adequate in its absence, Harleton states its desire that "the overall effect [be] to transfer $3.4 million each from Freeman and Buffco to Harleton." Harleton Response at 5. Similarly, in arguing that dismissal would be inefficient, Chesapeake states that "although any judgment from this Court will not resolve [all] the claims," this Court should nevertheless still decide "the remaining claims among Chesapeake, Freeman, and Freeman Capital." Chesapeake Response at 7. Since Harleton is no longer a party and its interests cannot be decided by this Court, the only possible remedy Chesapeake has against the Freeman Defendants and Freeman Capital is the return of the same $3.4 million. Thus, if both parties attain the relief they desire, the Freeman

Defendants and Freeman Capital would be subject to the extreme prejudice of double liability. Rule 19(b) is designed to protect against precisely this extreme type of prejudice, and considerations of such prejudice weigh heavily in favor of dismissal.

## III.    CONCLUSION

In their Responses, neither Harleton nor Chesapeake established that a single Rule 19(b) factor or consideration weighs in favor of retaining this suit. For the reasons set forth above and in the Opening Brief, the remainder of this action, in all good equity and conscience, should not proceed without Harleton. The Freeman Defendants and Freeman Capital therefore respectfully request the Court to determine that Harleton is indispensable and dismiss this case.

Dated: This 4th day of August, 2014        Respectfully submitted,

/s/ Barton Wayne Cox
Richard S. Krumholz
State Bar No. 00784425
richard.krumholz@nortonrosefulbright.com
Barton Wayne Cox
State Bar No. 24065087
beau.cox@nortonrosefulbright.com
FULBRIGHT & JAWORSKI LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-2784
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

Eric M. Albritton
Texas Bar No. 00790215
ema@emafirm.com
Michael Aaron Benefield
Texas Bar No. 24073408
mab@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

*COUNSEL FOR DEFENDANTS WAYNE E. FREEMAN, FREEMAN RESOURCES, LTD., FRM GP LLC AND FREEMAN CAPITAL, LTD.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the **4th** day of **August**, 2014.


/s/ Barton Wayne Cox
Barton Wayne Cox